Scott
*v.*
Niblett.

---

## Devall *v.* Boatner.

2 | 271
f122 | 705

An intervenor is not entitled to make his warrantor a party to the action. C. P. 389, *et seq.*

APPEAL from the District Court of East Baton Rouge, *Johnson*, J. This was an action to recover from the defendant the amount of two notes, executed by her for the price of slaves sold to her by the plaintiff. The defence was the danger of eviction, from a claim to the slaves set up by a third person. The tutor of the minor heirs of *Mary Peirce*, late wife of one *Constantine Peirce*, intervened, alleging that *Mary Peirce* inherited the slaves from one *Sarah Rowel*, her aunt; that she continued in possession of them until her possession was divested, by a sale made under an order of seizure and sale, obtained on a mortgage given to secure the amount of a bond executed in favor of the City Bank of New Orleans: that the bond and mortgage were null and void, having been executed by the said *Mary Peirce*, as surety for her husband, from fear of her husband, to the knowledge of the officers of the bank; that the slaves were purchased by one *Reid*, with a knowledge of the facts just stated; and that the plaintiff purchased the slaves at a sale made by the syndic of the creditors of *Reid*, also well knowing said facts, and afterwards sold them to the defendant. The intervention concludes with a prayer that the said sales may be declared null, and the slaves adjudged to be the property of the minors represented by the intervenor. The plaintiff, in answer to the intervention, alleged that the order of seizure and sale in favor of the City Bnak was *res judicata*, and had divested all the interest of *Mary Peirce*, and that the validity of the judgment cannot be enquired into collaterally in this action. The defendant adopted the allegations of the intervenor, alleging their truth. The intervenor, by an amended petition, prayed that the City Bank of New Orleans might be made a party to the suit, in order that judgment might be rendered annulling the order of seizure and sale obtained by the bank. The judge refused to allow the amended petition to be filed, and, by consent, the case is brought up on appeal from that refusal.

*Elam*, for the plaintiff. The intervenor had no right to call in a third party, to aid him to assert his rights against the original parties to the suit. Code of Practice, art. 389 to 394. Nor for the purpose of obtaining judgment against such party. If this could be allowed to the intervenor, the City Bank could claim the same right, and thus the cause might be indefinitely delayed, when the law requires an intervenor to be always ready, because he has always his remedy by a separate action. C. P. art. 391. If the mortgage of the City Bank was tainted with fraud, it was voidable, not void. Civil Code, art. 1875;

and the obligation having been carried into effect by a judgment rendered by a court of competent jurisdiction, not appealed from and unreversed, a sale made in pursuance thereof vested a valid title in the purchaser. 5 Mart. N. S. 214. 14 La. 440. 1 Robinson, 94. The law under which the bond and mortgage was executed to the bank, removed every legal disability from *Mary Pierce.* Act of 1827, secs. 22, 23, page 114; act of 1831, sec. 8, page 36. The intervenor's remedy, if any he has, is by a direct action against the bank; the question of fraud, between the bank and the intervenor, cannot be examined in this action. If examined and found true, the title to the slaves could not be effected thereby; the judgment under which they were sold is a conclusive bar against *Mary Pierce* and her heirs. 11 Mart. 607. 5 Mart. N. S. 664. 14 La. 233. 19 La. 328. 10 Peters, 409.

*Lawson, Boatner, Merrick* and *Muse,* for the appellants. The intervenor, having been allowed to appear in the suit, was entitled to all the rights of one of the original parties, and the amendment should have been allowed. An intervenor has a right to amend. *Succession of Baum,* 11 Rob. 323.

The judgment of the court was pronounced by

EUSTIS, C. J. It being agreed by counsel, that this court decide on the correctness of the order of the District Court, in refusing to grant leave to the intervenor to make the City Bank of New Orleans a party to this suit, by reason of the said consent given, and in virtue of articles 389 *et seq.* of the Code of Practice, it is considered by the court that the District Court did not err in refusing the prayer of the intervenors.

The judgment appealed from is therefore affirmed, the intervenors paying the costs of this appeal, and the the case is remanded for further proceedings.