COLVIN *v.* NELSON.

A donation of slaves, and their increase, for the sole use and benefit of the donee during her natural life, and at her death to the heirs of her body forever; but, in the event of her dying without issue of her body and of her husband's surviving her, the husband to enjoy during his natural life all the use and benefit arising from the labor of the slaves and their increase, and, at his death, the slaves and their increase to revert to the heirs of the body of the donor, and to be their's forever, creates a substitution, and is void.

The facts alleged in an application for a new trial on the ground of the discovery of new and material evidence since the trial, must be supported by an affidavit. C. P. 561.

An intervention will not be allowed, where its reception must retard the decision of the principal action.

APPEAL from the District Court of Ouachita, *Copley, J. Richardson* and *Sharp,* for the plaintiff. *McGuire* and *Ray,* for the appellant. The judgment of the court was pronounced by

EUSTIS, C. J. This is an action to annul a donation made by the mother of the plaintiff and defendant, who are sisters, of certain slaves in favor of the defendant, on the ground that the donation contained a substitution. The clause disposing of the slaves is as follows:

" Doth by these presents convey, donate, and forever grant and donate to her said daughter *Nancy Harriet Nelson,* the following slaves for life, on the conditions hereinafter to be written in this act: one negro man named *Levi* about 28 years old, *Charlotte* a woman about 28 years old, and her five children, namely, *Caroline* about ten years old, *Jenny* about eight years old, *Hughes* about six years old, *Maria* about four years old, and *Buck* about three years old, as also their increase for ever. The said *Nancy Harriet Nelson* to have and to hold the said slaves, and their increase, for her own sole use and benefit, for and during her natutal life ; and, at her death, the heirs of the body of the said *Nancy Harriet,* shall inherit them forever; and the said *Donnevant* (formorly *Sarah Donnevant Huey*) further conditions that, in the event her said daughter should depart this life without issue of her body, and that her husband as aforesaid, namely, *Thomas Jefferson Nelson,* should survive his said wife, then, in that event, the said *Thomas Jefferson Nelson* shall, during his natural life, enjoy all the use and benefits arising from the labor of said slaves and their increase, and, at his demise, the aforesaid slaves and their increase shall go to the heirs of the body of the said *Sarah Donnevant* (formerly *Sarah Donnevant Huey*) and to be by them* in the last mentioned event to be their's forever."

The district judge properly considered this clause as creating a substitution and annulled the donation, decreeing the slaves to be the joint property of the

---

* Sic in Mss. R.

plaintiff and defendant as heirs of their mother, and giving the plaintiff judgment for the one-half value of one of the slaves, which had been disposed of by the defendant previous to the institution of the suit. And, as the plaintiff had prayed for a partition, he referred the parties to a notary for the purpose of having it formally made, expressly reserving the rights and obligations of each, to make and exact collation, as they might exist, in the succession of their mother, which had never been settled by the two heirs. The defendant has appealed. The plaintiff has asked that the judgment be amended, allowing the hire of the slaves; but ths judge having reserved expressly this matter to be determined on the final partition, we have not the evidence before us to decide it, and it is not in the interest of the plaintiff to remand the cause on that account.

After judgment was rendered, an application was made by the counsel for the defendant for a new trial, inasmuch as, since the trial of the cause, a will of the deceased donor had been discovered and admitted to probate, and this will disposed of the property which was the subject of donation. Of this no affidavit was offered, as the Code of Practice requires. Art. 561. The judge refused to grant the new trial. A petition of intervention of the executor under the will was, at the same time, attempted to be filed, but the judge refused to admit it, on the ground that it would retard the decision of the cause. We think the judge did not err. The intervention would necessarily embarrass and complicate the case before the court, which turned upon the validity of the donation, and was so decided. The property going back to the succession, the questions arising under the will are to be determined when its execution is enforced. We think the course adopted by the judge, tending to preserve simplicity and order in the proceedings, was the best for the interest of both parties.

*Judgment affirmed.*