## T. Y. BRENT, SON & Co. v. J. H. SHOUSE.

The laws with regard to the surrender of property, are merely remedial; in such cases the law of the forum governs.

Under our jurisprudence, a surrender made out of the State, of property situated here, cannot have any binding effect.

A surrender of property, made by a debtor in another State, does not make his debts due and exigible here, so as to relieve the creditor who seeks to attack the property in this State, from the necessity of swearing that he is about to remove such property out of the State before the falling due of his claim, as required by C. P., Art. 242.

APPEAL from the Third District Court of New Orleans, *Duvigneaud*, J. *Gaither* and *McPheeters*, for plaintiffs and appellants. *T. H. Kennedy*, curator *ad hoc*, for defendant. *Charles A. Taylor*, for intervenors.

VOORHIES, J. The plaintiffs, averring themselves to be the creditors of the defendant, petitioned for a writ of attachment, on the ground that their claim had become due, from the date of the surrender made by their debtor in the State of Kentucky, the place of his residence. The oath taken by their agent is, first, to the fact of the agency, and then proceeds to state :

"That *James H. Shouse*, to the best of his knowledge and belief, is indebted to the said *T. Y. Brent, Son & Co.*, in the full sum of $10,000, with interest from July 22d, 1857, and that the same is due and owing ; and that the said *James H. Shouse* resides out of the State of Louisiana ; and that neither of the firm of *T. Y. Brent, Son & Co.*, are in this State, but that all of the members are absent from this State."

The petition states, that although the installments of the several bills of exchange, signed by the defendant, have not matured, yet that the bills have become due and exigible by the voluntary surrender and cession of property, made by the debtor.

A curator *ad hoc* was appointed to represent the absentee, *J. H. Shouse*; and, in the meantime, the firm of *Twyman, Goodloe & Hoskins*, the defendant's assignees in Kentucky, filed a third opposition, claiming the property in the hands of the garnishees, by virtue of the assignment. The curator *ad hoc* took a rule on the plaintiffs to show cause, why the whole proceedings should not be dismissed. The ground assigned was, that " at the time of the filing of the suit, and issuance and execution of the attachment, no part of the plaintiff's claim was actually due, and that the affidavit for attachment is not such as the law requires, when the debt is not due." The District Judge having maintained the attachment, the case was subsequently put at issue by the parties, and trial had, resulting in a judgment of dismissal. The plaintiffs appealed.

Testing these proceedings by the rules laid down in the Code and in the Acts of the Legislature, with reference to debts or claims, which are not due at the time, it is evident that the attachment was sued out wrongfully; for the plaintiffs have not alleged, nor have they sworn that their debtor was about to remove his property out of the State, before the falling due of their claim. See C. P., Art. 243, as amended by the Act of 1826, p. 170, § 7.

On the other hand, if it be true, as contended for by the plaintiffs' counsel, that the surrender of property made in Kentucky, had the effect to make the debt exigible, it would be upon the assumption that the surrender was a valid and binding one. In that event, giving full effect to this proceeding in insolvency, the case would be with the intervenor, whose title is derived from the assignment itself.

The plaintiffs cannot show the maturity of their claim by reference to the surrender made in Kentucky, and then repudiate the assignment as affecting the transfer of the property under garnishment. But the laws with regard to the surrender of property, are merely remedial; in such cases, the law of the forum should govern. Under our jurisprudence, the surrender made out of the State, of property situated in this State, cannot have any binding effect, and the whole matter is to be tested under our laws. It follows, then, that the proceedings resorted to in the present instance, were unauthorized as being premature. *Southern Bank of, &c.* v. *Wood & Champlin*, not reported.

The plaintiff's counsel contends, that inasmuch as no appeal was taken from the ruling of the District Judge, sustaining the proceeding by attachment, the appellees cannot now question the validity of the attachment; but that the case must be determined on the merits. As the decree of the District Court could not have worked an irreparable injury, it had been idle for the curator *ad hoc* to have taken an appeal. The case comes up with all the interlocutory orders given in the inferior court, from which no appeal lies; the whole should be reviewed. Nor is it material for the plaintiffs' case, to determine whether the intervenor has, or has not, the right to question the validity of the proceedings by attachment in this instance; they must make out their case against the absentee, in order to obtain a judgment against the property under garnishment; and this they have failed to do.

It is but just, however, to reserve the rights of the plaintiffs, as creditors with the vendor's privilege, as stated in their pleadings; and, with this reservation, it

is ordered and decreed, that the judgment of the District Court be affirmed, with costs.

## SAME CASE—ON A RE-HEARING.

VOORHIES, J. We adhere to our former opinion.

It is, therefore, ordered and decreed, that our former judgment remain undisturbed.