Boagni vs. Wartelle.

---

No. 12,652.

VINCENT BOAGNI VS. ARMAND WARTELLE; HENRY L. GARLAND, INTERVENOR.

The intervenor's action did not raise foreign issues; it did not change the character of plaintiff's action, and was not revocatory; therefore, the motion to dismiss was overruled.

Separate, independent agreements of which no one knows anything save the creditor and the debtor can not affect third persons, and can not be taken as an absolute basis for prescription.

Boagni vs. Wartelle.

An imputation ·of payment, made at the time that the insolvent debtor paid, in part, his indebtedness to a senior mortgage creditor can not subsequently be recalled and changed to the prejudice of the junior mortgage.

To the extent that payment is made a mortgage is annulled.

It is not possible to give new life to the part annulled and thereby lessen the chances of recovery on the junior mortgage. .

APPEAL from the Eleventh Judicial District Court for the Parish of St. Landry. *Frazee, J. ad hoc.*

*Kenneth Baillio* for Plaintiff, Appellant.

*E. D. Estillette* for Intervenor, Appellee.

Argued and submitted December 13, 1897.
Opinion handed down December 28, 1897.
Rehearing refused February 21, 1898.

The opinion of the court was delivered by

BREAUX, J. Plaintiff sued for five thousand eight hundred and twenty-seven dollars and sixty-two cents interest and fee of attorney and for a sum paid by him for taxes. He alleged for the security as to payment of the former he had a special privilege and mortgage, and for the latter (the taxes), he was subrogated to the privileges and mortgages of the State of Louisiana and the parish of St. Landry.

A default was entered in due time. A creditor of the defendant intervened in the suit. The defendant not having pleaded, the default against him was confirmed.

The plaintiff and intervenor are the parties in interest before this court.

The intervenor alleged that the defendant was insolvent, and that he and plaintiff wrongfully combined to give plaintiff a preference over other creditors. The intervenor complained of the acknowledgment endorsed on plaintiff's note, and avers that the note was paid at the date the suit was brought, but that plaintiff and defendant have kept alive the mortgage claimed by the former in order to pre-

9

vent the intervenor from seizing the property and having it sold under his judgment.

The intervenor specially alleged that he had procured a judgment against the defendant, and that he had a right of action to have plaintiff's mortgage canceled in order that when defendant's property will be offered for sale under his judgment, no prior claim secured by mortgage will prevent a sale, for after cancellation no certificate of the recorder of mortgages will issue showing that there is a special mortgage on the property.

The prominent facts are: The plaintiff sold a plantation to the defendant. The note secured as before stated represented the purchase price. After the sale the defendant obtained advances from the plaintiff to make his crop.

In compliance with an agreement between plaintiff, Dr. Boagni, and the defendant, Wartelle, part of the property subject to plaintiff's special privilege and mortgage was sold at private sale, and the proceeds were credited to the defendant.

In accordance with the agreement each deed of sale of part of the plantation sold, contains a clause setting forth that the plaintiff, Boagni, who signed each deed, consented to the sale and received, it is declared in the deed, the notes representing the purchase price made by the vendee and handed by the vendor (the defendant, Wartelle, to him Boagni). The intervenor in the deed (Boagni, creditor) expressly declared that upon payment of the notes given by the purchaser he would cancel his special privilege and mortgage, and that the proceeds of the notes would be applied to the payment of defendant's indebtedness on note held by plaintiff, secured as before stated. Each deed was inscribed in due time.

It appears that an account current was opened between plaintiff and defendant at the time that the former began to make advances to the latter, and that advances were made as claimed by plaintiff.

The plaintiff's petition is that he credited the proceeds of those sales to the account, and the remainder, after his account current had been paid in full, was credited on the note upon which his suit was brought.

It is shown by an entry in plaintiff's books that on the date that three of the sales were made by defendant Wartelle to several purchasers for the purpose of applying the proceeds to the payment of Wartelle's indebtedness to the plaintiff, he, plaintiff, received the

total cash paid by the purchasers.    We do not gather from the tes-timony that on the day these sales were made, in the year 1889, the defendant was indebted to the plaintiff save as maker of the note secured by privilege and mortgage held by the plaintiff.

The indebtedness of defendant in open account for advances began in January, 1890, and continued for some time thereafter.

After a number of payments had been made, it is urged by the plaintiff that it was agreed between him and the defendant to apply the payments already made on the land and the proceeds of the notes plaintiff held, to the payment of plaintiff's claim on current account—that is, the account unsecured was substituted to the note secured by mortgage.

Judgment was rendered for plaintiff, against the defendant as prayed for, and directed that the property be seized and sold to pay the plaintiff's claim with interest, etc., subject to a credit of two thousand seven hundred and forty-six dollars and sixteen cents, and the further sum of two hundred and six dollars and twenty cents, and bearing interest as stated; also, a snm of five hundred and four dollars and forty-four cents, all having been paid before maturity, were deducted from the principal, and six hundred dollars collected, to be credited as having been paid on the 11th of November, 1890.

The payment of taxes to plaintiff, as claimed, also was decreed.

As between the plaintiff and the intervenor the court *a qua* held that intervenor is entitled to preference to the amount remaining due him.

From the judgment the plaintiff prosecutes this appeal.

The plaintiff interposed an exception to the intervention, on the ground that third opposition, after seizure of the property mort-gaged, was the proper remedy, and not an intervention prior to seizure.

The intervenor has, if his allegations be sustained, an interest as creditor, which will be affected by the proceedings between the plaintiff and the defendant.   He has an interest opposed to both.

But it is urged by the plaintiff that an intervenor should not be permitted to change the character of the action, mnch less be per-mitted to interject into the suit a proceeding of the character of a revocatory action, nor make new parties in such suits.

It does not appear to us, as relates to the asserted change of issues between the plaintiff and defendant, that the change made

their case different to an extent rendering it proper to dismiss the intervention. There were conflicting claims to the same fund: to the proceeds of one sale of property mortgaged to the plaintiff and the intervenor. ·

Plaintiff's action remained one of foreclosure of his mortgage *via ordinaria*. The intervenor has not questioned the right of the plaintiff to bring the suit, or to stand in judgment.

The issue tried was closely connected with the principal issue, in that both laid superior claims to the same property. The conflicting claims gave rise to no issues foreign one to the other.

Prompted by the objection that the action is revocatory, we have examined the issues from that point of view.

The intervenor, as we take it, does not primarily seek to have a contract rescinded. He petitioned, by way of intervention, to uphold the binding effect of payments he claimed as having ·indirectly enured to the benefit of his judicial mortgage. He sued for the recognition of an alleged right.

If his petition be sustained it will cut short the effect of subsequent agreements in so far as he is concerned. It does not follow that the intervenor tendered issues in effect revocatory in character from the mere fact that the intervention may interfere with agreements (of date subsequent) to plaintiff's mortgage. We do not find that the intervenor seeks to put issues between plaintiff and defendant alien to the case, or is endeavoring to make parties to the suit persons without substantial interest. The clerk of court, a party to the suit, plaintiff urged, is a third person; in effect interposing new questions. He is, we think, a party only in name. He was needlessly called in the suit by the intervenor. He has no interest, controls no issue and is not to be considered in arriving at conclusions. His presence in the suit in his clerical capacity is no cause for dismissing the intervention.

Upon this point the plaintiff insists that the issues should not now be passed upon for the reason that the property may sell for an amount sufficient to pay both his mortgage and the junior mortgage, rendering in that case a decision unnecessary.

We are not led to so infer from the pleadings and facts before us. If it should sell for enough, the decree here will not affect the interest of any one.

The plaintiff, in the first place, sought to meet the issues on the

merits by interposing the plea of prescription as a complete bar to any attempt to offset the agreement made with his debtor.

The intervenor contends in answer, that prescription runs from the date the agreement became known to him, and he cites in his support the case of Byrne vs. Their Creditors, 33 An. 202, in which it was held that the law can hold no one to impossibilities, which would be the very task imposed on a party if required to assail an act which has no existence as to him.

Thus in regard to the very point here involved a precedent has been established.

While it was not intended to conceal the agreement, practically it was hidden from the possible knowledge of the intervenor until a few days prior to his intervention in this suit.

There was as to third person no date; no commencement under an agreement; there was no document recorded, nor could there be delivery of property operating in effect a notice.

A creditor can make nothing of the plea of prescription against third persons based upon his own personal agreements with his debtor, under the circumstances here.

This brings us to the question bearing upon the imputation of payment.

The defendant was an insolvent. He was in consequence without right to make the changes he undertook to effect. It was not possible, legally, to countermand payments already made and impute them to the payment of a debt contracted at a date subsequent to the mortgage indebtedness.

To the extent of the payment the mortgage had been annulled. It was not possible under the circumstances to revivify and give new life to that part of a mortgage annulled to the prejudice of plaintiff's fellow-mortgagee. It would be giving an advantage never contemplated by the law-making power, if the mortgage creditor first in rank could thus lessen the chances of recovery of amount due to a creditor with mortgage second in rank.

After the imputation of payment to the amount of the partial payment the junior mortgage was benefited as against the insolvent debtor. The mortgagee acquired a right which could not be affected by a change in payments made.

For the reason of the law and the evidence being in favor of the intervenor and against plaintiff and defendant, it is ordered and adjudged that the judgment appealed from is affirmed.