(48 South. 157.)

No. 17,381.

FILHIOL v. SCHMIDT.

In re LAMKIN.

(Jan. 4, 1909.)

MANDAMUS (§ 57*)—PROHIBITION (§ 5*)—SUSPENSIVE APPEAL—DISMISSAL OF INTERVENTION.

Where, in a proceeding in which no conservatory writs have issued, an intervention is dismissed on exception, and an appeal allowed, such appeal can suspend nothing save the running of the delay within which the judgment appealed from would otherwise become unappealable; and, as an intervention is not allowed to retard the principal suit, mandamus will not lie to compel the granting of an appeal which will operate to suspend proceedings in such suit, nor will prohibition lie to prohibit such proceedings pending an appeal from a judgment dismissing an intervention.

[Ed. Note.—For other cases, see Mandamus, Dec. Dig. § 57;* Prohibition, Dec. Dig. § 5.*]

(Syllabus by the Court.)

Action by H. H. Filhiol against Inez Schmidt. E. T. Lamkin, tutor, intervened. Judgment dismissing the intervention, and intervener applies for writ of mandamus to compel the granting of suspensive appeals and for a writ of prohibition. Application denied.

Lamkin, Millsaps & Dawkins, for relator. Respondent judge, pro se. Stubbs, Russell & Theus, for respondent Filhiol.

Statement of the Case.

MONROE, J. It appears, from the petition, exhibits, and return herein, that Roland M. Filhiol, at his death, left an olographic will by which, after certain special legacies, he bequeathed the residue of a large estate to Inez Schmidt and appointed her his executrix. This will was attacked by H. H. Filhiol, a brother of the testator, and beneficiary of his bounty, and there was a judgment confirming Inez Schmidt as executrix, but reducing the bequest in her favor to one-tenth of the estate, payable from the movables. Thereafter, in May, 1908, E. T. Lamkin, tutor ad hoc of the minors, Aloysius Roland and Nancy Ruth Filhiol, brought suit against the executrix and against H. H. Filhiol, in which he alleges that, though the testator was never married, said minors are his children and only descendants, were registered and baptized as such by his direction, and have been so judicially admitted by H. H. Filhiol, and that the testator on several occasions and in writing declared his intention formally to adopt them; that H. H. Filhiol has taken possession of a plantation which the testator had frequently declared, verbally and in writing, should become the property of the minor Aloysius; and that, in view of the facts stated, said minors are the forced heirs of the testator and are entitled to his estate. Petitioner further alleges that, should the court hold that said minors are not entitled to the rights of adopted children, they are entitled to alimony in proportion to the value of their father's estate, and, after some further allegations, there is a prayer for judgment.

The suit was dismissed on exception, and plaintiff obtained an order for a suspensive appeal, and perfected the same (as he alleges) by lodging the transcript in this court.

In August, 1908, H. H. Filhiol instituted suit, alleging that Inez Schmidt had been confirmed as executrix, and as such put in possession of the estate; that petitioner has become the owner by inheritance of said estate, "subject to the payment of the debts and special legacies and costs of administration," and is entitled to be put in possession "on his giving bond for the payment of the debts and contested legacies, which bond" he is ready to give.

Wherefore he prays for judgment ordering the executrix to deliver to him, as the sole heir of the decedent, all the property of the succession, on his giving bond, etc.

To this the executrix excepted and answered, and thereupon Lamkin, tutor, intervened, alleging the bringing by him of the suit already mentioned, and reiterating substantially the allegations of his petition therein.

He further avers that H. H. Filhiol, "alleging himself to be the owner by inheritance of all the property consisting, of realty, money, stocks, * * * now in the custody of the executrix, * * * is seeking to obtain possession thereof, in utter disregard of petitioner's said suit, * * * in which he is a party defendant with the said * * * executrix; that, should said property pass into the possession of said * * * Filhiol as demanded, * * * and * * * be disposed of, * * * as is feared and believed would be done, the interests and the rights of the said minors would be seriously jeopardized, if not defeated." And he prays for judgment rejecting Filhiol's demand "and ordering * * * the retention of the property * * * by the testamentary executrix until a final decision has been rendered by the Supreme Court * * * in the suit in which petitioner is plaintiff and the succession of R. M. Filhiol and Hardy H. Filhiol

defendants." This intervention having been dismissed on exception, intervener applied for and was granted an appeal, "with specific statement by the court that this appeal shall not suspend or delay the proceedings between the plaintiff and defendant," and thereupon intervener made to this court the application now under consideration for a writ of mandamus to compel the granting of a suspensive appeal, and for a writ of prohibition forbidding the judge, made respondent, to proceed further in the original cause between H. H. Filhiol and the executrix of R. M. Filhiol.

The judge a quo, for answer and return, says, in substance, that relator, as tutor ad hoc, has no capacity to interfere in the suit between H. H. Filhiol and the executrix of R. M. Filhiol for the purpose stated in the intervention; that as an intervener he cannot delay the trial of said cause, and that his right to a suspensive appeal, if any he have, should be asserted when the final judgment shall have been rendered therein; that the order of appeal, as made and limited, was granted at relator's earnest solicitation and in the belief that no injury could result therefrom, but that it would greatly embarrass the administration of justice to permit a party who has no right to intervene to come into a case, and upon the dismissal of his intervention suspend proceedings between plaintiff and defendant by an appeal.

## Opinion.

Whether relator had the capacity to intervene as he did, and whether he had the right to appeal before final judgment in the cause in which he intervened, are questions which are properly determinable on the hearing of his appeal, or on motion to dismiss. We are satisfied, however, that he has no right to an appeal that will operate to control the disposition of the property which is the subject of the litigation, or to suspend or retard proceedings in the cause in which the intervention was filed. If the plaintiff in a suit for

STATE v. CHANCE.

the recovery of property, real or personal, desires that action be taken for the conservation of the property pending such suit, he has his remedies; and whether those remedies are available to an intervener or not, it is quite certain that the property cannot be tied up by an intervener unless they are available to him and unless he invokes them; and as an appeal from a judgment dismissing the main action, where no conservatory writ is thereby dissolved, can suspend nothing save the running of the delay within which the judgment appealed from would otherwise become unappealable, an appeal from a judgment dismissing an intervention can have no greater effect. Moreover, "the theory governing the admission of interventions and their trial is that the intervener has an independent remedy, which is in no manner affected by the action of the court in the pending contest" (Cross on Pleading, 425, 426; Code Prac. art. 391)—a theory which is very well illustrated here, since the relator is pursuing his independent remedy concurrently with the present attempt. That being the case, there is no reason why he should be permitted to interfere to the extent of obstructing or delaying the litigation of others, and he is not so permitted.

An intervention will not be allowed to retard the decision of the principal action. Walker v. Dunbar, 7 (Mart.) N. S. 587, 18 Am. Dec. 248; Devall v. Boatner,. 2 La. Ann. 271; Colvin v. Nelson, 4 La. Ann. 544.

The intervener must be always ready to exhibit his evidence. Gaines v. Page, 15 La. Ann. 110. The trial between the original parties can properly be gone into without him or waiting for him. McMillen v. Gibson et al., 10 La. 518. It is clear that to issue the writs here prayed for would be to retard the principal action for the accommodation of the intervener, which is not permissible.

Relator's application is therefore denied, and this proceeding dismissed, at his cost.