(132 So. 650)

## URANIA LUMBER CO., Limited, v. LOUISIANA TAX COMMISSION et al.

### No. 30965.

Feb. 2, 1931.

Percy Saint, Atty. Gen., Harry Fuller, of Winnfield, V. M. Mouser, of Columbia, R. A. Viosca, of New Orleans, George M. Wallace, of Baton Rouge, and Coleman D. Reed, of Oakdale, for appellants.

Thronton, Gist & Richey, of Alexandria, and Theus, Grisham & Davis, of Monroe, for appellee.

BRUNOT, J.

The plaintiff owns 6,990 acres of land in Caldwell parish, which is involved in a reforestation contract. In 1929 the state and local taxing authorities assessed this land, for that

year, at $4.25 per acre, and also assessed the land, at the same valuation, for back taxes for the years 1913 to 1928, both inclusive.

The plaintiff filed this suit, in which it prays that the assessment of its land for back taxes be annulled and that the assessment thereof for the year 1929 be reduced to $1 per acre. The reduction of the 1929 assessment of certain lands and timber not involved in the reforestation contract is also prayed for.

The plaintiff has cited the Louisiana Tax Commission, the police jury of Caldwell parish, sitting as a board of review, the tax assessor of Caldwell parish, and the sheriff and tax collector of said parish, as defendants herein. All of the defendants answered the suit. A rule for judgment, on the face of the pleadings, annulling the assessment for back taxes, and reducing the assessment for the year 1929, on the land involved in the reforestation contract from $4.25 to $1 per acre, was filed. This rule was excepted to. Pending a hearing on the rule, the commissioner of conservation intervened in the suit. Exceptions to the intervention were filed, heard, and sustained. The rule for judgment on the face of the pleadings was heard and made absolute. The case was tried on the merits, as to the reduction of the assessment for the year 1929, on the lands and timber not involved in the reforestation contract, and it was found that the assessment thereof, totaling $34,820, should be reduced to a total assessment of $24,040, and judgment was rendered accordingly. The appeal is from both judgments. All of the defendants and the intervenor are joined in the appeal.

We will reverse the order of sequence and pass upon the appeal from the judgment on the merits, at this time, for the reason that defendants offered no proof on the merits to sustain the assessment, while the proof offered by the plaintiff clearly warrants the re-

duction of that assessment to the sum fixed in the judgment. The judgment is therefore correct, and it must be affirmed.

On passing upon the exception to the intervention of the commissioner of conservation, the trial judge, in his reasons for judgment, says:

"It is a well recognized principle of law that an intervenor must file his pleadings timely so as not to retard the action in the main suit. In this matter the intervention was not filed until after the plaintiff had filed its motion for judgment on the face of the papers and to deal with the intervention then would have retarded the action on the main demand, but should the intervention be timely then according to the tenor of the pleadings of the intervenor there is nothing to keep this court from passing upon the motion of the plaintiff for judgment on the face of the papers for the reason that he makes the answers of the defendants from Articles 1 to 44 the answers of the intervenor. The remaining part of intervenor's pleadings seek in the alternative to have the contract cancelled for non-compliance of the conditions of the contract by the plaintiff. This pleading would change the issues from that to cancel the assessment to that of cancelling a contract, and would also be a collateral attack upon the contract in question. This cannot be done and therefore the exception of no right or cause of action as to this part of the intervenor's pleadings would be good. "It being admitted by the pleadings of the defendants that the contract with the Conservation Department has not been declared null and void by any Court, the contract must still be in existence. It cannot be ignored or revoked by the Tax Commission. If the plaintiff has not complied with the terms and obligations imposed upon it by this contract certainly the Conservation Department would have authori-

ty to bring a direct action to cancel and set the contract aside. The contract cannot be ignored as long as it is in existence, and there is no authority but the Court to cancel and set aside this contract. This matter was definitely determined by the Supreme Court in the case of the City of Alexandria v. Morgan's Louisiana & Texas Railroad & Steamship Company of Louisiana. 109 La. 50, 33 So. 65."

In the cited case it is held that the power to adjudge a breach of contract or a grant, with conditions imposed, is judicial in character and it pertains to the courts and not to the grantors of the rights claimed under the grant, to declare the contract forfeited. If there be no provision in the contract dispensing with the judicial forfeiture, the cited case merely follows the law and jurisprudence of every jurisdiction in this country. The cases so holding are too numerous to require citations.

What the grantor cannot do, one who is not a party to the contract, viz., the Louisiana tax commission, has attempted to do. It has, in its resolution of March 9, 1929, in effect, not only declared the contract forfeited, but it has assumed to pass upon the constitutionality of the act of the Legislature authorizing the contract. The resolution appears in the transcript at pages 64 and 65. It is as follows:

"The Statute authorizing the contract between the Urania Lumber Company and the Conservation Department, being Section 13 of Act 261 of 1910, is regarded as unconstitutional for the reason that in 1910 the Constitution provided that all property should be assessed at its actual cash value, and any Act of the legislature providing a different method is unconstitutional; and further, none of the subsequent constitutional provisions authorizing reforestation contracts and special assessments have retroactive effects, but prescribe only for future contracts.

"It appearing to the Louisiana Tax Commission that the Urania Lumber Company, Ltd., has violated the terms and provisions of its reforestation contract of June 14, 1913, with the department of Conservation, by cutting timber on Northeast quarter East Half of Northwest quarter (NE ¼; E ½ of NW ¼) Section Four (4) Township Eleven (11) North Range One (1) East, to the amount of 500,000 feet, without authority of law, or the consent of the State of Louisiana, on motion of Mr. Colbert, seconded by Mr. Carville, all of the lands embraced in the said contract, consisting of 9,934 acres in Winn Parish, 6,990 acres in Caldwell Parish, 8,777 acres in LaSalle Parish, being a total of 25,701 acres, are hereby directed to be restored to the assessment rolls as cut-over lands for the year 1929, by the Assessors of the Parishes wherein the same is situated, and the Urania Lumber Company, Ltd., having failed to maintain the said lands in all respects according to the written agreement entered into on June 14th, 1913, by which said land was given a fixed value of $1.00 per acre for a fixed number of years for assessment purposes that the said land be supplemented by the Assessors of the Parishes wherein the same is situated on the Assessment rolls for such an amount as will equal the assessment of the said land, had the same not been assessed under the provisions of law, all in accordance with Section 13 of Act 261 of 1910, and the Secretary of this Commission is hereby authorized and directed to take such action as is necessary to carry this motion into effect."

If the covenants of the reforestation contract, under which the assessment of plaintiff's lands is fixed, by Act No. 261 of 1910, at $1 per acre, have been violated by the plaintiff, there is no bar to an action by the commissioner of conservation to have the contract judicially forfeited, but he cannot, by

way of intervention in this suit, and by a collateral attack upon the contract, change the suit from one, in part, to annul an assessment and, in part, to reduce an assessment, to a suit to annul a contract, especially after the filing of a rule for judgment upon the face of the pleadings. The belated filing of such an intervention would retard the determination of the principal suit. The theory governing the admission of interventions and their trial is that the intervenor has an independent remedy, which is in no manner affected by the action of the court in the pending suit, and therefore he is not permitted to obstruct or delay the principal litigation. Filhiol v. Schmidt, 122 La. 701, 48 So. 157.

There are exceptional cases in which an intervening petition is not objectionable as changing the character of the action, but in those cases the issue raised by the intervention was closely connected with the principal issue, and both parties lay claim to the same property. A case so holding is Boagni v. Wartelle, 50 La. Ann. 128, 23 So. 206. These cases have no application to the case at bar.

Our conclusion is that the judgments appealed from are correct, and both judgments are therefore affirmed, at appellants' cost.